Filed 5/23/14  P. v. Sanchez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066208 |
| v. | (Super. Ct. No. VCF245644) |
| ERNESTO RAFAEL SANCHEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Kane, Acting P.J., Poochigian, J., and LaPorte, J.[†]

[†]       Judge of the Kings Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

On June 4, 2012, appellant, Ernesto Rafael Sanchez, was charged in an information with a count of recklessly causing a fire of a structure or forest (Pen. Code, § 452, subd. (c)). On August 8, 2012, a jury was hopelessly deadlocked and could not reach a verdict. The trial court declared a mistrial and set the matter for a new trial. At the conclusion of the second jury trial on September 27, 2012, appellant was found guilty of recklessly causing a fire of a forest.

On November 7, 2012, the trial court sentenced appellant on probation upon various terms and conditions, including that he serve 180 days in county jail. The court ordered a restitution fine of $500, $6,000 in attorney's fees, and other fines and fees. The court deferred the issue of direct victim restitution. The court awarded appellant two days of custody credits.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTS

On June 27, 2009, Lauren Samantha Mark was at a campsite close to another campsite occupied by appellant. Lauren's group spent some time with appellant and his group. Appellant consumed beer. Lauren recalled that appellant set off two fireworks. Lauren did not see appellant set off the first firework, but after it exploded, people from appellant's group ran over to him and yelled at him not to light fireworks.

Although Lauren did not see appellant light the second firework, she heard him say that he "saved the best one for last." Two people were about three feet behind appellant and appellant was the only person who knelt down. The firework shot off after appellant stood up. The second firework hit a tree on a nearby mountain. The tree caught fire in 30 seconds and the fire grew across the mountain.

John Kyle Merritt did not see appellant light the fireworks but heard people yelling at appellant to stop lighting fireworks. Although people were yelling at appellant,

2

he laughed like it was no big deal.  Merritt saw the last firework fly into a tree, catch the tree on fire, and the fire spread.  Jacqueline Mark saw appellant with fireworks, kneeling over a firework.  A firework set off a fire.  Jacqueline did not see appellant light a firework.  Herbert Alvarenga and Mohammed Mohammed did not see who set the firework, but they saw the ensuing fire.

Special Agent Daniel Briot with the United States Forest Service received a call from his supervisor on June 28, 2009.  There had been a forest fire in Sequoia National Forest on one side of the Kern River in Tulare County.  Briot estimated that about 195 acres of land burned.  The fire was caused by a firework.  The United States Forest Service sent a summary report to the probation department.  The total cost for fighting the fire came to $466,473.18.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende*, *supra*, 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.  By letter on April 26, 2013, we invited appellant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.